UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLINTON BARTLEY,
    Plaintiff,
vs.

CRAFTY SEAFOOD INC., a Florida Profit Corporation,
    Defendant.
_____/

CASE NO.: 6:20-CV-00430-CEM-EJK

## JOINT MOTION FOR APPROVAL OF AMENDED SETTLEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

The Parties, through their undersigned counsel, jointly move for Court approval of the mutually agreed-upon terms of settlement in this action and for dismissal with prejudice of the instant action. In further support hereof, the Parties state as follows:

1. Plaintiff, CLINTON BARTLEY, former cook for Defendant CRAFTY SEAFOOD INC., filed the instant lawsuit on March 10, 2020. An Amended Complaint was filed on February 2, 2021 to correct the name of the Defendant only.

2. Plaintiff contends in his Complaint and Demand for Jury Trial that he worked in excess of forty (40) hours in one or more workweeks without receiving overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"). Defendant contends that at all times

1

Plaintiff was paid properly, and that, therefore, he was not entitled to be paid additional wages.

3. To avoid the risks and unknowns, as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this action with prejudice as to Plaintiff's FLSA claims. After a full review of the facts and information, the Parties, who have been represented by counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

## MEMORANDUM OF LAW

There are two ways in which claims for overtime compensation under the FLSA may be compromised or released by an employee. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable

> compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

### I.   The Settlement.

The Amended Settlement Agreement is attached hereto as Exhibit A. Under the terms of the Amended Settlement Agreement for Plaintiff, Defendant shall pay $1,250.00 in allegedly unpaid overtime compensation, and $1,250.00 in alleged liquidated damages.

The settlement does not require Plaintiff to waive or release any claims other than his FLSA claims. Nor does it require Plaintiff to agree to any terms, such as confidentiality, non-participation in other claims, or a prospective waiver of any rights that this Court has previously ruled to be impermissible in the context of an FLSA settlement. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010).

The settlement also provides that Defendant will pay Plaintiff's counsel the sum total of $3,000.00 in fees and costs. Plaintiff's fees and costs were negotiated separately from the amount payable to Plaintiff under this

settlement, and the Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

## II. "Bona Fide" Disputes Exist.

*Lynn's Food Stores* permits approval of a compromise resolving a "bona fide dispute over FLSA provisions." *Dees*, 706 F. Supp. at 1241. Parties requesting review of an FLSA settlement must provide enough information to the Court to examine the bona fides of the dispute. *Id.*

The Parties dispute whether Plaintiff was paid properly for all hours worked.

Thus, "bona fide" disputes exist.

## III. All Factors Relevant to the "Fairness" of the Settlement Weigh in Favor of Approval.

Although *Lynn's Food Stores* determined that the settlements at issue in that case were unfair, it did not specify criteria for evaluating the fairness of proposed compromises under different circumstances. *See Dees*, 706 F. Supp. 2d at 1240. This Court has noted that the factors for evaluating the fairness of a class action settlement provide a familiar starting point, including:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

4

*Id.* at 1241 (citations omitted). Here, all factors weigh in favor of approval of the settlement.

### a. *There is no fraud or collusion behind the settlement.*

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Bonilla v. Shiner's Car Wash*, 2014 U.S. Dist. LEXIS 66297, at * 5 (M.D. Fla. 2014). Here, each party was independently represented by counsel with substantial experience litigating FLSA claims. There was no fraud or collusion behind the settlement.

### b. *The complexity, expense, and length of future litigation militate in favor of the settlement.*

Litigating, rather than settling this matter, would require both sides to incur significant additional costs and fees. A trial would not take place until January 2022. *See* Doc. 32. Both sides would bear some risk if the case proceeds to trial. Plaintiff would risk recovering nothing, and Defendant would risk the possibility of an adverse judgment and fee award. It is in the best interests of all Parties to settle, rather than litigate, this matter.

### c. *The stage of the litigation weighs in favor of approval of the settlement.*

This case is in the early stages. If the Parties are required to litigate, each side will incur fees and costs that will quickly exceed the amount of

overtime compensation at issue. Thus, the stage of the litigation weighs in favor of approval of the settlement.

### d. *Plaintiff's probability of success on the merits is uncertain.*

Plaintiff's probability of success on the merits is not a certainty. Defendant denies Plaintiff's allegations and contends Plaintiff was not paid for all hours worked. While Plaintiff might ultimately prevail if the case proceeds to trial, it is likewise possible Defendant will establish that Plaintiff was paid properly for all hours worked, and that he will recover nothing.

### e. *The Parties weighed the opinions of counsel in deciding whether to settle.*

The Parties agree they weighed the opinions of their respective counsel in deciding whether to settle.

## IV. The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.

This Court noted in *Dees* that a compromise must award the plaintiff's counsel a reasonable fee. *See Dees*, 706 F. Supp. 2d at 1243. The Court need not, however, scrutinize the amount of a plaintiff's attorneys' fee when it was agreed upon separately and without regard to the amount paid to the plaintiff, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d

6

1222, 1228 (M.D. Fla. 2009); *see also Dees*, 706 F. Supp. 2d at 1243 (quoting *Bonetti*). Such is the case here. The fee to be paid under this settlement to Plaintiff's counsel, $3000.00 was negotiated separately from the amount to be paid to Plaintiff. The Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

## NO OTHER AGREEMENTS

The parties state that they have not entered into any agreements whatsoever that have not been disclosed to the Court. Any reference to FMLA claims in the previously filed Settlement Agreement were included in error. The Plaintiff only has FLSA claims, as brought in his Amended Complaint, filed on February 2, 2021 [Doc. 37].

## CONCLUSION

The Court should approve the settlement of this action. The settlement sum fairly balances the amount Plaintiff would seek at trial against the risk that Plaintiff might recover nothing if the case were to proceed. Additionally, Plaintiff's counsel will receive a reasonable fee in connection with the settlement. All factors germane to the Court's consideration of the fairness of the settlement weigh in favor of approval.

*WHEREFORE*, the Parties respectfully request that this Honorable Court (i) GRANT this Motion; (ii) APPROVE the settlement of this matter; and (iii) ENTER an Order dismissing this case with prejudice.

Respectfully submitted this _29th_ day of June, 2021.

| | |
|---|---|
| s/ Edward W. Wimp | s/ Tony Pornprinya _____ |
| Carlos V. Leach, Esquire | Tony Pornprinya, Esquire |
| FBN: 0540021 | F.B. No.: 0027960 |
| Edward W. Wimp, Esquire | Law Office of Tony Pornprinya |
| FBN: 1015586 | 1555 NE 123rd Street |
| Anthony Hall, Esquire | Miami, FL 33161 |
| FBN: 0040924 | Telephone: 305-893-8989 |
| THE LEACH FIRM, P.A. | Facsimile: 305-891-7717 |
| 631 S. Orlando Ave., Suite 300 | Email: tony@miamidadelaw.net |
| Winter Park, FL 32789 | Attorney for Defendant |
| Telephone: (407) 574-4999 | |
| Facsimile: (833) 813-7513 | |
| Email: cleach@theleachfirm.com | |
| Email: ewimp@theleachfirm.com | |
| Email: ahall@theleachfirm.com | |
| Attorney for Plaintiff | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this _29th_ day of June 2021, the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing opposing counsel via email.

By:  s/ Edward W. Wimp
 Edward W. Wimp