UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLINTON BARTLEY,

        Plaintiff,

v.                                                  Case No: 6:20-cv-430-CEM-EJK

CRAFTY SEAFOOD INC,

        Defendant.
_____/

REPORT AND RECOMMENDATION

      This cause comes before the Court on Plaintiff's Motion for Settlement ("the Motion"). (Doc. 55.) Upon consideration, I respectfully recommend that the Motion be granted.

**I.    BACKGROUND**

      Defendant employed Plaintiff to work as a cook from May 2019 until June 2019. (Doc. 1 ¶ 5.) As a cook, Plaintiff allegedly worked over 40 hours a week, without receiving overtime pay. (*Id.* ¶¶ 25, 30.) Plaintiff instituted this action against his former employer for violation of the overtime wage provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, on March 10, 2020. (Doc. 1.) Defendant filed its Answer, wherein it denies liability for overtime wages. (Doc. 17.) Pursuant to the FLSA Scheduling Order (Doc. 19), the parties entered into settlement negotiations, but informed the Court on November 5, 2020, that they "ha[d] extinguished all settlement efforts and [would] subsequently file a Case Management Report." (Doc.

30.) A Case Management and Scheduling Order was subsequently entered. (Doc. 32.) Plaintiff then filed his Amended Complaint, which Defendant answered. (Docs. 37, 41.)

Before discovery closed, the parties negotiated a compromise and settlement of Plaintiff's claims and filed a motion for approval of their settlement agreement (the "Agreement"), pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). (Docs. 49; 49-1.) The Court then directed counsel to file a notice providing "whether or not the parties have entered into any agreement (whether oral or in writing) that has not been disclosed to the Court" (Doc. 50.) Counsel filed their response, wherein they indicate that there are no separate agreements. (Doc. 51.)

I then reviewed the parties' Agreement that contained the following provision: The Agreement provided that:

> Bartley represents and expressly warrants that he has received **any and all wages and commissions for work performed for Crafty Seafood and all overtime compensation and [Family and Medical Leave Act ("FMLA")] leave** to which he may have been entitled, and that **he is not currently aware of any facts or circumstances constituting a violation by Crafty Seafood and/or Released Parties of the FMLA or FLSA.** Bartley further represents and warrants that he did not suffer any workplace injuries while working for Crafty Seafood. Bartley specifically warrants that he has discussed this issue and all underlying facts with his attorney and, in consultation with his attorney, makes these representations.

(Doc. 49-1 ¶ 7) (emphasis added). Because Plaintiff, at no point, indicated he was

bringing claims under the FMLA and the parties failed to explain why the FMLA was referenced in the Agreement, I denied approval of their agreement and directed the parties to file an amended motion and agreement. (Doc. 52.) The parties complied with the undersigned's order and filed their amended motion for approval of the settlement agreement alongside their amended joint settlement agreement ("Amended Agreement"). (Docs. 55; 55-1.) The Amended Agreement does not contain language about the FMLA and the parties explain that any reference to the FMLA in the original Agreement was made in error. (Docs 55 at 7; 55-1.)

## II.    STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged

by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for a compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute;

> we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both "internal" factors—whether the settlement is fair and reasonable to the employee—and "external" factors—whether the settlement frustrates the purpose of the FLSA. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[1]

### III. DISCUSSION

#### A. The Settlement Amount

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981, are binding on the Eleventh Circuit).

liquidated damages. Title 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages.").

According to the Amended Agreement, Bartley will receive $1,250 for unpaid wages and an equal amount in liquidated damages. (Doc. 55-1 ¶ 3.) Plaintiff initially claimed he was entitled to $3,600 in unpaid wages. (Doc. 24 at 2.) Because Plaintiff will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*, 679 F.2d at 1354–55.

On review, I find the $2,500 Plaintiff has agreed to accept in satisfaction of his claim to be fair and reasonable in comparison to the original claim, considering that all parties are represented by counsel and wish to avoid the risk and expense of further litigation. I also find this amount fair in relation to the nature of the dispute between the parties contesting Plaintiff's entitlement to a salary of at least the federal minimum wage. Thus, I find that the settlement sum represents a fair resolution of a bona fide dispute between the parties and that Plaintiff has not unfairly compromised his claim.

### B. Release

In return for payment, Plaintiff has agreed to the following release:

> Bartley agrees that he will file a Motion for Approval of the settlement which shall include a request that the settlement[2] be dismissed with prejudice within five . . . calendar days of the last Party's execution of this Agreement.

(the "Release") (Doc. 55-1 ¶ 5) (footnote added). General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352.

Judges in this District have found releases similar to the one presented here to pass judicial scrutiny because they do not require Plaintiff to release unknown claims that are unrelated to his wage claim. *Lanier v. Exec. Garden Titusville Hotel*, LLC, No. 6:18-cv-927-Orl-40KRS, 2018 U.S. Dist. LEXIS 170056, at *1–2 (M.D. Fla. Oct. 2, 2018), *report and recommendation adopted as modified*, 2018 U.S. Dist. LEXIS 171066, at *11 (M.D. Fla. Sept. 17, 2018); *Martinez v. Garda CL Se., Inc.*, No. 6:15-cv-54-Orl-40KRS, 2016 U.S. Dist. LEXIS 197037, at *3 (M.D. Fla. Jan. 5, 2016); *Cooper v. Garda CL Se., Inc.*, No. 6:15-cv-1677-ORL-40KRS, 2015 U.S. Dist. LEXIS 169481, at *3

---

[2] The undersigned believes this to be a scrivener's error, and the parties intended to write "the action."

(M.D. Fla. Dec. 18, 2015). Thus, I find the release here to be sufficiently narrowly tailored to pass judicial scrutiny.

### C. Amendments

The Amended Agreement contains a provision that grants the parties leave to amend it (the "Amendment Provision"). It provides that "[t]he Parties hereto agree that this Agreement may not be modified, altered, or changed except by a written agreement signed by the Parties hereto" (Doc. 55-1 ¶ 17.) Approval of a settlement agreement with such a provision leaves "the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement." *Dumas v. 1 ABLE REALTY, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 5020134, at *3 (M.D. Fla. Mar. 9, 2018). As such, I cannot recommend approval of an agreement that is not in its "final form, with [] opportunity for amendment." *Id.*

However, the Amended Agreement contains a severability provision that provides: "If any provision of this Agreement is held to be invalid, then the remaining provisions shall remain in full force and effect" (the "Severability Provision"). (Doc. 55-1 ¶ 15.) Courts in this District often approve settlement agreements while striking unfair or unenforceable provisions of the agreement when the agreement contains a severability provision. *See, e.g.*, *Encarnacion v. Dannix Painting LLC*, No. 6:18-cv-682-Orl-41KRS, 2018 WL 5084749, at *3 (M.D. Fla. Aug. 13, 2018)*, report and recommendation adopted*, 2018 WL 5840509 (M.D. Fla. Nov. 8, 2018) (recommending that the contradictory provisions and the general release provision be stricken where

the settlement agreement contained a severability provision); *Goern v. Everglades Day Safari, Inc.*, No. 2:16-cv-755-FtM-99MRM, 2017 WL 3328242, at *3 (M.D. Fla. July 14, 2017), *report and recommendation adopted*, No. 2:16-cv-755-FtM-99MRM, 2017 WL 3316369 (M.D. Fla. Aug. 2, 2017) (recommending that the plaintiff's "waiver and general release" provision be stricken where the settlement agreement contained a severability provision); *Ramnaraine v. Super Transp. of Fla., LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *4 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016) (recommending that the non-disparagement and confidentiality provisions be stricken from a settlement agreement that contained a severability provision). Because the Severability Provision permits striking the Amendments Provision, I recommend that the Court sever the Amendments Provision (Doc 15-1 ¶ 17) from the Amended Agreement.

## IV.   RECOMMEDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT IN PART** the parties' Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 55);

2. **SEVER** the Amendments Provision (Doc. 55-1 ¶ 17);

3. **FIND** that the parties' Agreement (Doc. 55-1), as revised, is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

4. **DISMISS** the case with prejudice; and

5. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on July 7, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties